**Richard J. PACIULAN, William A. Kruse, Plaintiffs,**

**v.**

**Ronald M. GEORGE, et al., Defendants.**

**No. C 98–1201 SI.**

United States District Court, N.D. California.

March 3, 1999.

---

**1130**

Joseph R. Giannini, Los Angeles, CA, for Plaintiffs.

Peter K. Southworth, Eileen Gray, Bill Lockyer, Cal. Attorney General, Cal. State Attorney General's Office, Sacramento, CA, for Defendants.

## ORDER:

ILLSTON, District Judge.

### (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND;

### (2) DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; AND

### (3) GRANTING DEFENDANTS' MOTIONS FOR SANCTIONS BY IMPOSING A PREFILING REQUIREMENT

On July 24 and September 4, 1998, the Court heard argument on defendants' motions to dismiss and for sanctions, and plaintiffs' counter motion for summary judgment.[1] Having carefully considered the arguments of counsel and the submitted papers, the Court hereby GRANTS defendants' motions to dismiss plaintiffs' complaint without leave to amend; DENIES plaintiffs' motion for summary judgment; and GRANTS defendants' motions for sanctions. A final and appealable judgment on this order will be filed separately by the Court.

## BACKGROUND

The instant action is the third in a recent series of cases filed by attorney Joseph Giannini challenging the validity of the requirements for admission to practice law in California. This case presents a facial challenge to the constitutionality of California Rule of Court 983.[2] Plaintiffs are California residents who allege that they are licensed to practice law in states other than California but are not licensed to practice law in California. Plaintiffs wish to be admitted pro hac vice under Rule 983, but are precluded from doing so because they are California residents. Defendants are the Justices of the California Supreme Court ("Supreme Court defendants"), whom plaintiffs contend are charged with promulgating Rule 983, and individuals from the State Bar of California ("State Bar defendants"). Plaintiffs challenge the constitutionality of the language in Rule 983 prohibiting California residents from appearing pro hac vice[3] in

1. At the hearing on September 4, 1998, plaintiffs filed a motion to recuse the undersigned from hearing this case. The undersigned thereafter referred the recusal motion for assignment to another district judge, pursuant to Local Rule 3–14. In November, 1998, the motion to recuse was denied by Judge Chesney. Thereafter, in January, 1999, Mr. Giannini as counsel filed a new action, *Jeffery Russell v. Procter Hug. et al.* (N.D. Cal. C 99–20040), which names various circuit and district judges, including the undersigned, as defendants, and which challenges this district's rules concerning appointment of attorneys to represent indigent criminal defendants. After filing this new action, plaintiffs filed another motion to recuse the undersigned. The undersigned denied the latter recusal motion by order dated March 8, 1999, again pursuant to Local Rule 3–14.

2. Rule 983 of the California Rules of Court provides as follows:

A person who is not a member of the State Bar of California but who is a member in good standing of and eligible to practice before the bar of any United States court or of the highest court in any state, territory or insular possession of the United States, and who has been retained to appear in a particular cause pending in a court of this state, may in the discretion of such court be permitted upon written application to appear as counsel pro hac vice, provided that an active member of the State Bar of California is associated as attorney of record. No person is eligible to appear as counsel pro hac vice pursuant to this rule if (1) he is a resident of the State of California, or (2) he is regularly employed in the State of California, or (3) he is regularly engaged in substantial business, professional, or other activities in the State of California. Absent special circumstances, repeated appearances by any person pursuant to this rule shall be a cause for denial of an application.

3. "Pro hac vice" is defined by Black's Law Dictionary (5th Ed., 1979) as "For this turn;

California state courts under the Privileges and Immunities Clause, the Commerce Clause, the First Amendment of the United States Constitution, and the Due Process and Equal Protection guarantees of the United States and California Constitutions.

### 1. Related Litigation

Plaintiffs are represented by Joseph Giannini ("Giannini"), an attorney [4] who has filed a number of federal actions challenging the validity of the requirements for admission to practice law in federal and California state courts. In 1987, after failing the July 1986 and February 1987 California Bar Examinations, Giannini filed suit in federal district court in the Central District of California in his own name against the State Bar of California's Committee of Bar Examiners. *See Giannini v. Committee of Bar Examiners*, 847 F.2d 1434 (9th Cir.1988). In that suit, Giannini alleged that the California Bar Examination unconstitutionally discriminated against out-of-state attorneys and violated the Privileges and Immunities Clause of Article IV, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and the Commerce Clause. The district court dismissed Giannini's complaint on the ground that it lacked subject matter jurisdiction to review the action of the Committee of Bar Examiners. The Ninth Circuit, in a *per curiam* opinion, affirmed the district court's dismissal, holding that the Committee's decision was reviewable by the California Supreme Court and that until such review was completed, Giannini had no basis for any claim of deprivation under federal law. *Id.* at 1435.

In 1988, Giannini filed suit in the Central District of California on his own behalf against the California Supreme Court and the named Justices of that Court, the Committee of Bar Examiners and the Committee's individual members, and the federal district courts for the Central, Southern, and Eastern Districts of California and the individual judges of those Courts. *See Giannini v. Real,* 911 F.2d 354 (9th Cir.1990), *cert. denied,* 498 U.S. 1012, 111 S.Ct. 580, 112 L.Ed.2d 585 (1990). Giannini challenged the constitutionality of the California Bar Examination and the local rules of the United States District Courts for the Central. Southern, and Eastern Districts of California, which required attorneys seeking admission to those courts to be members in good standing of the California State Bar. The district court denied Giannini's motions for (1) summary judgment, (2) a preliminary injunction ordering his admission to the California bar, (3) default judgment against named members of the Committee of Bar Examiners, and (4) criminal sanctions against the Committee's attorneys. The district court dismissed Giannini's claims against the state defendants on the ground of res judicata. On appeal, the Ninth Circuit affirmed the district court's order of dismissal, holding that Giannini had failed to state a claim against the state defendants under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the Privileges and Immunities Clause, and the Commerce Clause. *Id.* at 357–59. In addition, the Ninth Circuit upheld the district court's dismissal of Giannini's claims against the federal defendants. *Id.* at 359–61.

In 1992, Giannini filed suit in the Central District of California on behalf of himself and two other named plaintiffs, Mimi Morissette and Patricia Miller Rosenthal, against the State Bar of California's Committee of Bar Examiners, numerous State Bar officials, the California Supreme Court, and the named Justices of that Court. *See Morissette v. Yu,* No. 92–03252 (C.D.Cal.1992). Plaintiffs alleged that California Rule of Court 983, which is the

---

for this one particular occasion. A lawyer may be admitted to practice in a jurisdiction for a particular case only."

4. Although Giannini is not a member of the California State Bar, he apparently is a member of the Bar of the Northern District of California.

same rule challenged in the instant suit, violated Giannini's right to practice law under the Privileges and Immunities Clause and violated Morissette's and Rosenthal's First and Fourteenth Amendment rights. In addition, plaintiffs alleged that the Central District was required to admit Giannini to practice before it, and that the Committee of Bar Examiner's failure to certify Giannini for admission to the California bar after the July 1991 Bar Examination was arbitrary, capricious, and vindictive.

This complaint was dismissed on November 16, 1992. *See Morissette v. Yu,* No. 92–03253 (C.D.Cal. Nov. 16, 1992) (Order Granting Defendants' Motions to Dismiss, Denying Plaintiffs' Motion for an Order Admitting Joseph R. Giannini, Esq., to the California State and Central District Bars, and Ordering Joseph R. Giannini, Esq., to Show Cause Re: Rule 11 Sanctions). Plaintiffs subsequently requested and were granted leave to file an amended complaint. The amended complaint incorporated the allegations of the original complaint and further alleged (1) that defendants retaliated against Giannini for exercising his First Amendment right of criticism, (2) that Rule 983 violated Morissette's and Rosenthal's First Amendment right to associate with Giannini and Sixth Amendment right to counsel, and (3) that Rule 983 violated the Commerce Clause. The district court subsequently dismissed plaintiffs' amended complaint without leave to amend and ordered Giannini to pay monetary sanctions for signing a frivolous complaint, having an improper purpose, and making scandalous allegations against various judges and defendants. *See Morissette v. Yu,* No. 92–03253 (C.D.Cal. May 26, 1993) (Order Granting Defendants' Motions to Dismiss, Denying Plaintiffs' Motions for Partial Summary Judgment and for an Order Admitting Joseph R. Giannini, Esq., to the California State and Central District Bars, and Ordering Joseph R. Giannini, Esq., and Gerard A. Fierro, Esq., to Show Cause Re Sanctions). In *Morissette,* Mr. Giannini also moved to disqualify the assigned judge, John G. Davies. Judge Davies declined to recuse himself, and Judge Ideman denied the motion.

On appeal, the Ninth Circuit affirmed the district court's dismissal of the first amended complaint, affirmed the district court's award of sanctions, and awarded additional sanctions against Giannini for filing a frivolous appeal, in an amount equal to double the costs of appeal. *See Morissette v. Yu,* No. 93–56288 (9th Cir. Mar. 8, 1994). In particular, the Ninth Circuit held that plaintiffs' constitutional challenges to Rule 983 and the California Bar Examination were barred by principles of res judicata. *See id.,* slip op. at 5–6 ("If his challenge to Rule 983 was not included in [his] general challenge [to the constitutionality of the form and content of the California Bar Examination], it could have been, so it is barred by the judgment in that case.") (citing *Clark v. Bear Stearns & Co., Inc.,* 966 F.2d 1318, 1320 (9th Cir.1992)). The Ninth Circuit also affirmed the denial of Mr. Giannini's motion to recuse Judge Davies.

On July 7, 1997, Giannini filed an action entitled *McKenzie v. Rehnquist* in federal district court in Washington, D.C., against the United States Judicial Conference and its individual judge members, alleging that the local rules governing attorney admission in many federal district courts violate federal law, including Title VII, as well as the First Amendment, the Fourteenth Amendment Equal Protection Clause, the Fifth Amendment Due Process Clause, the Fifth Amendment right to property, the right to travel, and the Full Faith and Credit Clause of Art. IV, § 1 of the United States Constitution. The Court is unaware of the disposition of this litigation.

## 2. Litigation Before This Court

### A. *McKenzie et al. v. George, et al.* C 97–0403 SI

On February 4, 1997, Giannini filed *McKenzie et al., v. George, et al.* C 97–0403 SI on behalf of a number of individuals

against the individual Justices of the California Supreme Court. Jerome Braun and Judy Johnson of the State Bar intervened. In *McKenzie v. George*, C 97–0403 SI, the plaintiffs advanced the same challenges to Rule 983 that the instant plaintiffs raise in this litigation. The only differences between *McKenzie* and *Paciulan* are that (1) the plaintiffs are different individuals; (2) the *Paciulan* plaintiffs have alleged additional claims that Rule 983 violates the Due Process and Equal Protection guarantees of the California Constitution; and (3) the *McKenzie* plaintiffs alleged that Rule 983 violated the Supremacy Clause.

By order filed July 22, 1997, the Court dismissed the *McKenzie* complaint without leave to amend.[5] The Court concluded that the plaintiffs had failed to state claims for which relief could be granted. On August 11, 1997, the plaintiffs filed a motion to vacate the judgment under Federal Rule of Civil Procedure 59(e). By order dated October 7, 1997, the Court denied the plaintiffs' motion to vacate as untimely, and noted that even if the motion had been timely and filed as a motion for reconsideration, the Court would have denied the motion because the plaintiffs had not met the substantive requirements of Civil Local Rule 7–9.[6] On October 17, 1997, the plaintiffs filed a motion to vacate the Court's October 7 Order, arguing its reasoning was flawed because, *inter alia*, a separate judgment is required under Rule 59 and therefore the motion to vacate was not late. On November 5, 1997, the Court denied the plaintiffs' second motion to vacate. Recognizing that confusion had

arisen due to the absence of a separate judgment, the Court issued a separate judgment on the Court's July 22, 1997 order of dismissal. In the November 5 order, the Court made clear to all parties that the judgment was final and appealable.

On February 20, 1998, the plaintiffs filed a motion to vacate the Court's November 5, 1997 judgment. The plaintiffs contended that they did not receive notice of the judgment until January 22, 1998, when opposing counsel faxed Giannini copies of the November 5, 1997 order and judgment. The plaintiffs moved for relief pursuant to Federal Rule of Civil Procedure 60(b)(6). Although the court files indicated that the order and judgment were served on all parties of record, the Court assumed for purposes of deciding the plaintiffs' motion that they did not receive notice of the judgment. The Court denied the plaintiffs' motion, finding that it was without power to vacate and reenter the judgment due to the strict limitations contained in Rule 4 of the Federal Rules of Appellate Procedure. Under Rule 4, a district court may reopen the time for appeal in the event a party has not received notice of the judgment only if the party files a motion to reopen within 180 days of the entry of judgment or within 7 days of receipt of such notice, whichever is earlier. In *McKenzie v. George*, the plaintiffs admitted that they received notice of the judgment from the opposing counsel on January 22, 1998 and that they waited 29 days to file their motion to vacate. Accordingly, the Court found that it was

---

5. Plaintiffs in this case mistakenly state that the Court's July 22, 1997 order in *McKenzie v. George*, C 97–0403 SI reversed a previous holding on April 2, 1997 finding that the plaintiffs had stated claims capable of surviving a Rule 12(b)(6) motion. In fact, the Court's April 2, 1997 order only addressed, and rejected, the defendants' arguments (1) that the Eleventh Amendment barred the plaintiffs' lawsuit, and '(2) that Giannini could not represent the plaintiffs because he was not a member of the California State Bar. The Court expressly noted that the defendants'

motion to dismiss pursuant to Rule 12(b)(6) was pending and would be heard in July 1997.

6. Plaintiffs and Giannini contend that the Court never reviewed their motion to vacate "on the merits," despite the Court's statement in the October 6, 1997 order that even if the motion had been timely, the Court would have denied the motion because the plaintiffs in *McKenzie* had not met the requirements for reconsideration as set forth in Civil Local Rule 7–9.

without authority to vacate the November 5, 1997 judgment.

### B. *Paciulan et al. v. George, et al.* C 98–1201 SI and *McKenzie et al., v. Wilson, et al.,* C 98–0580 SI

On March 25, 1998, Giannini filed the instant lawsuit on behalf of plaintiffs Richard Paciulan and William Kruse challenging Rule 983 as unconstitutional. Giannini and plaintiffs acknowledge that the instant lawsuit "parallels" the litigation in *McKenzie v. George,* C 97–0403 SI, and state that "had the plaintiffs known about the Court's November 5, 1997 decision [in *McKenzie v. George* ], this lawsuit would not have been necessary." Complaint ¶ 8. On February 12, 1998, Giannini filed *McKenzie v. Wilson,* C 98–0580 SI on behalf of nine individuals contending that California's failure to provide reciprocity in bar admissions is unconstitutional. The plaintiffs in *McKenzie v. Wilson* are nine attorneys who reside in California, eight of whom are admitted to bars of other states but not California, and one of whom is admitted to the California bar and alleges that he is precluded from moving out of California because other states will not grant him automatic admission to their bars because of California's lack of reciprocity.[7] *McKenzie v. Wilson* was filed as a class action. Plaintiffs in *McKenzie v. Wilson* acknowledge that it raises many, if not all, of the same issues as are raised in *McKenzie v. George* and *Paciulan v. George. See* Joint Case Management Conference Statement filed in *McKenzie v. Wilson* on June 9, 1998 at 5:20–21 ("Plaintiffs request a stay of this case for 60 days pending a decision in a related case, *Paciulan v. George,* as that ruling may dispose of issues in this action."). The defendants in *McKenzie v. Wilson* have also filed motions to dismiss and for sanctions.

**7.** Plaintiffs Monica McKenzie, Roger Lowenstein, Arthur Mintz, and Howard Soben were also plaintiffs in *McKenzie v. George,* C 97–0403 SI. Plaintiff Jeffrey L. Russell is the attorney currently representing Giannini in connection with defendants' motions for sanctions.

## DISCUSSION

### 1. Defendants' Motions to Dismiss

#### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiffs will prevail in the action, but whether the plaintiffs are entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

In answering this question, the Court must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs' favor. *See Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiffs to develop the case at this stage of the proceedings. *See United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).

If the Court chooses to dismiss the complaint, it must then decide whether to grant leave to amend. In general, leave to amend is only denied if it is clear that amendment would be futile and "that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) (quoting *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); *see Poling v. Morgan,* 829 F.2d 882, 886 (9th Cir.1987) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) (futility is basis for denying amendment under Rule 15).

#### B. Analysis

In their motions to dismiss, defendants raise the following three arguments: (1)

plaintiffs are collaterally estopped from claiming that Rule 983 is unconstitutional, (2) plaintiffs lack standing to challenge Rule 983, and (3) plaintiffs fail to state a claim. Each of these arguments will be addressed in turn.

### (1) Collateral Estoppel

Defendants argue that Giannini's previous litigation, and most especially this Court's dismissal of *McKenzie v. George*, C 97–0403 SI, should collaterally estop Giannini and the present plaintiffs from alleging their claims in the instant lawsuit. Defendants contend that Giannini is manipulating the legal system by enlisting different individuals to act as plaintiffs in various cases in an effort to avoid the bars of res judicata and collateral estoppel. At argument on defendants' motions to dismiss, Giannini argued that the related litigation should have no bearing on the instant lawsuit, despite plaintiffs' acknowledgment that this case "parallels" the litigation in *McKenzie v. George*. Giannini urged the Court to ignore its previous dismissal of the claims in *McKenzie v. George*, and quoted Ralph Waldo Emerson's admonition that "A foolish consistency is the hobgoblin of little minds ...." [8]

█ Although defendants are correct that Giannini has been involved, either as a lawyer or a party, in many cases challenging California's rules governing the practice of law, the instant plaintiffs have not, and for that reason the Court declines to find that plaintiffs are collaterally estopped in this litigation from challenging Rule 983. Accordingly, the Court reviews all of plaintiffs' arguments on the merits. As set forth below, the Court concludes for all of the reasons explained in its previous order in *McKenzie v. George* that plaintiffs have

not stated a claim. Furthermore, although plaintiffs argue that changed circumstances and new law establish that this Court's previous order was "fundamentally flawed," the Court concludes that these circumstances and case law do not alter the analysis.

### (2) Standing

The State Bar defendants argue that plaintiffs' constitutional challenges fall short of a justiciable controversy appropriate for federal judicial review. In particular, defendants cite to the Ninth Circuit's unpublished opinion in *Morissette v. Yu*, No. 93–56288, slip op. at 6 (9th Cir. Mar. 8, 1994) ("Nor does Mr. Giannini claim to have applied for admission under Rule 983. Such an application is a precondition to standing to challenge the rule.") (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992)). According to defendants, plaintiffs have not alleged that they applied for pro hac vice status in a particular pending state court proceeding and that they were denied pro hac vice status. As such, defendants conclude that plaintiffs lack standing.

In response, plaintiffs submit affidavits. indicating that they, as California residents, have been chilled from seeking pro hac vice status given the clear language of Rule 983. *See, e.g.*, Plaintiffs' Motion for Summary Judgment, Exh. A, ¶ 11 ("I am thwarted from applying for pro hac vice by [Rule 983's] automatic and highly embarrassing automatic disqualification provisions.") (Declaration of Richard J. Paciulan); *id.* at Exh. B, ¶ 12 (same) (Declaration of William A. Kruse).[9]

While some language in the Ninth Circuit's unpublished *Morissette* opinion casts

---

**8.** The full quotation is as follows: "A foolish consistency is the hobgoblin of little minds, adored by little statesmen and philosophers and divines. With consistency a great soul has simply nothing to do.... Speak what you think today in hard words and tomorrow speak what tomorrow thinks in hard words again, though it contradict everything you

said today." Ralph Waldo Emerson, Self–Reliance, *Essays: First Series* (1841).

**9.** Plaintiffs did not submit a substantive opposition to defendants' motions to dismiss, instead incorporating by reference their arguments as set forth in their counter motion for summary judgment.

doubt on plaintiffs' standing, other published Ninth Circuit opinions note that standing may be found in circumstances like these where further application would be futile. *See Desert Outdoor Advertising, Inc. v. City of Moreno Valley,* 103 F.3d 814, 818 (9th Cir.1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 294, 139 L.Ed.2d 227 (1997) ("Desert and OMG also have standing to challenge the permit requirement, even though they did not apply for permits, because applying for a permit would have been futile."). In any event, assuming for purposes of argument that plaintiffs have standing, plaintiffs have nevertheless failed to state a claim.

### (3) Failure to State a Claim

Plaintiffs challenge Rule 983 under the Privileges and Immunities Clause, the Commerce Clause, the First Amendment, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment and the California Constitution. Consistent with prior holdings in the cases filed by plaintiffs' attorney—including this Court's recent dismissal of *McKenzie v. George*—and controlling Supreme Court authority, the Court finds that plaintiffs have failed to state a claim upon which relief may be granted.

### (a) Equal Protection Under State and Federal Constitutions

Plaintiffs contend that Rule 983 violates the Equal Protection Clauses of the California Constitution and the Fourteenth Amendment of the United States Constitution by treating California and non-California residents differently. Plaintiffs do not argue that residence is a suspect class. Instead, plaintiffs contend that Rule 983 implicates three fundamental personal rights, and therefore that strict scrutiny is warranted. According to plaintiffs, Rule 983 violates plaintiffs' (1) First Amendment rights to speech in a public forum, association, and petition for redress of grievances, (2) constitutionally protected right of access to the courts, and (3) constitutionally protected right to practice law. Plaintiffs alternatively argue that Rule 983 fails to survive the lower "rational basis"

standard of review. The Court concludes that Rule 983 does not implicate any fundamental rights, and therefore that the appropriate standard of review is rational basis.

### (i) First Amendment

■ Plaintiffs bring a facial challenge to Rule 983, and therefore must satisfy a strict standard. *See Legal Aid Society of Hawaii v. Legal Services Corp.,* 145 F.3d 1017, 1023 (9th Cir.1998). As the Supreme Court stated in *Rust v. Sullivan,* "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." 500 U.S. 173, 183, 111 S.Ct. 1759, 1767, 114 L.Ed.2d 233 (1991) (citation omitted). Plaintiffs fall far short of meeting this stringent standard.

Plaintiffs rely primarily on the Ninth Circuit's decision in *Perry v. Los Angeles Police Department,* 121 F.3d 1365 (9th Cir. 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1362, 140 L.Ed.2d 511 (1998), for the proposition that Rule 983 constitutes "speaker discrimination" in violation of the First Amendment. In *Perry,* the Ninth Circuit struck down an ordinance that prohibited the sale of merchandise or solicitation of donations on sidewalks or public ways. The ordinance provided for two exceptions: (1) the sale of newspapers, magazines and periodicals, and (2) the solicitation of donations and the sale of merchandise by nonprofit organizations if the merchandise had a religious, philosophical or ideological message or statement relevant to the organization's purpose. The plaintiffs were two individuals—one a musician and street performer, the other an animal rights activist—who sought to solicit donations and sell merchandise but were prohibited by the ordinance. The Ninth Circuit noted that the ordinance regulated traditional public forums, sidewalks and public ways, and then held that the plaintiffs' activities were fully protected speech under the First Amendment.

The court then held that while the ordinance was content neutral, the ordinance was unconstitutional because it was not narrowly tailored to effectuate its goal of protecting local merchants and aiding free traffic flow.

■ This Court concludes that *Perry* does not aid plaintiffs' argument that Rule 983 constitutes impermissible "speaker discrimination." A critical distinction between *Perry* and the instant case is that plaintiffs' desired activity—the practice of law in California—is itself protected speech under the First Amendment. Plaintiffs apparently argue that any restriction on practicing law in California implicates attorneys' rights under the First Amendment. However, as the Supreme Court has noted, "A lawyer's procurement of remunerative employment is a subject only marginally affected with First Amendment concerns. It falls within the State's proper sphere of economic and professional regulation." *Ohralik v. Ohio State Bar Ass'n,* 436 U.S. 447, 459, 98 S.Ct. 1912, 1920, 56 L.Ed.2d 444 (1978). Unlike the regulation in *Perry,* which directly targeted expressive conduct, Rule 983 limits speech, if at all, only indirectly by regulating who can practice law in California. As the Supreme Court noted in *City of Dallas v. Stanglin,* 490 U.S. 19, 25, 109 S.Ct. 1591, 1595, 104 L.Ed.2d 18 (1989), "[i]t is possible to find some kernel of expression in almost every activity a person undertakes ... but such a kernel is not sufficient to bring the activity within the protection of the First Amendment." The Supreme Court has repeatedly emphasized the authority of each state to promulgate its own requirements to practice law in the state. *See Leis v. Flynt,* 439 U.S. 438, 443, 99 S.Ct. 698, 701, 58 L.Ed.2d 717 (1979) ("The Constitution does not require that because a lawyer has been admitted to the bar of one State, he or she must be allowed to practice in another."); *see also id.* 439 U.S. at 444 n. 5, 99 S.Ct. at 701 n. 5 ("Such an asserted right [of a lawyer to practice in the court of every State] flies in the face of the traditional authority of state courts to control who may be admitted to practice

before them."); *Supreme Court of New Hampshire v. Piper,* 470 U.S. 274, 283 n. 16, 105 S.Ct. 1272, 1278 n. 16, 84 L.Ed.2d 205 (1985) ("Our holding in this case does not interfere with the ability of the States to regulate their bars. The nonresident who seeks to join a bar, unlike the pro hac vice applicant, must have the same professional and personal qualifications required of resident lawyers.").

■ Plaintiffs' arguments that Rule 983 violates their right to association and right of access to the courts are similarly unavailing. Plaintiffs provide no case law in support of their argument that Rule 983 infringes on their right to association. However, plaintiffs argue "[i]f a citizen has a Sixth Amendment right to associate with *pro hac vice* counsel to petition for redress of grievances: an attorney has a First Amendment right to associate with the client and petition for redress." Plaintiffs' Motion for Summary Judgment, 27:23–26. As discussed in greater detail *infra,* courts have found that a criminal defendant's Sixth Amendment right to counsel includes the right to have an out-of-state lawyer admitted pro hac vice. *See United States v. Ries,* 100 F.3d 1469, 1471 (9th Cir.1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 134, 139 L.Ed.2d 83 (1997). It does not follow, however, that the criminal defendant's lawyer has a First Amendment right to associate with that criminal defendant. Once again, simply because a rule regulates the practice of law in California does not mean that the rule implicates First Amendment concerns.

In support of their argument that Rule 983 violates plaintiffs' right of access to the courts, plaintiffs cite *Delew v. Wagner,* 143 F.3d 1219 (9th Cir.1998). In *Delew,* the plaintiffs' daughter had been killed in a traffic accident. The plaintiffs filed a wrongful death action in state court, and later filed a 42 U.S.C. § 1983 action alleging that the defendant police department and individual police officers had conspired in connection with the state court litigation to cover up the facts surrounding the

death of the plaintiffs' daughter. The district court dismissed the plaintiffs' complaint without leave to amend. On appeal, the Ninth Circuit reversed, finding that the plaintiffs had stated a claim under 42 U.S.C. § 1983 for denial of meaningful access to the courts. "[T]he Constitution guarantees plaintiffs the right of meaningful access to the courts, the denial of which is established where a party engages in pre-filing actions which effectively covers-up evidence and actually renders any state court remedies ineffective." *Id.* at 1222.

■ *Delew* is inapposite to the instant case, as plaintiffs do not allege that defendants have engaged in a "cover up" in some related litigation. Rather, it appears that plaintiffs cite *Delew* for the general proposition that there is a constitutional right of access to the courts. The fact that Rule 983 prohibits residents of California from practicing law in California pro hac vice does not deny plaintiffs "meaningful access to the courts." Plaintiffs may still bring their claims in California courts as litigants; they simply may not bring claims as lawyers without first satisfying California's rules for admission to the state bar. As with plaintiffs' other claims under the First Amendment, plaintiffs have not alleged a denial of their First Amendment rights simply because they may not practice law in California due to a failure to fulfill the requirements for admission to the State Bar.

### (ii) Right to Practice Law

■ The Court also rejects plaintiffs' argument that Rule 983 violates the "constitutionally protected" right to practice law. The Supreme Court has indicated that the right to practice law is not a fundamental right for the purposes of the Fourteenth Amendment. *See Leis v. Flynt,* 439 U.S. at 442 n. 5, 99 S.Ct. 698, 701–02, 58 L.Ed.2d 717 n. 5; *Schware v. Board of Bar Examiners,* 353 U.S. 232, 238–39, 77 S.Ct. 752, 755–56, 1 L.Ed.2d 796 (1957); *see also Edelstein v. Wilentz,* 812 F.2d 128, 132 (3d Cir.1987) ("The right to practice law is not a fundamental right for purposes of due process or equal protection

analysis."). Relying on *Supreme Court of New Hampshire v. Piper,* plaintiffs argue that the right to practice law is a fundamental right protected under the Privileges and Immunities Clause. However, as the Third Circuit recently held, " 'fundamental' privileges and immunities are not interchangeable with the rights deemed 'fundamental' for equal protection purposes." *Tolchin v. Supreme Court of the State of New Jersey,* 111 F.3d 1099, 1114 (3d Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 435, 139 L.Ed.2d 334 (1997) (citing *Friedman v. Supreme Court of Virginia,* 822 F.2d 423, 426 (4th Cir.1987), *aff'd* 487 U.S. 59, 108 S.Ct. 2260, 101 L.Ed.2d 56 (1988) ("recognizing that 'the Privileges and Immunities Clause protects more [rights] than those rights which are considered fundamental individual rights protected by the Fourteenth Amendment.' ")). The Court will address plaintiffs' claims under the Privileges and Immunities Clause in a later section of this Order.

Similarly, plaintiffs' reliance on *United States v. Ries,* 100 F.3d 1469 (9th Cir. 1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 134, 139 L.Ed.2d 83 (1997), for the proposition that Rule 983 infringes the fundamental right to practice law is misplaced. *Ries* held that a criminal defendant's Sixth Amendment right to counsel includes the right to have an out-of-state lawyer admitted pro hac vice; *Ries* held nothing about a lawyer's right under the Equal Protection Clause to practice law. Moreover, *Ries* undercuts plaintiffs' arguments in that the Ninth Circuit recognized that a state can impose standards for admission of pro hac vice counsel, and that these standards can differ from the standards imposed on counsel who seek permanent admission to the bar. *Id.* at 1471. Other courts have noted the distinction between a lawyer's right to practice law pro hac vice and a litigant's right to pro hac vice counsel. *See, e.g., Roma Construction Co. v. aRusso,* 96 F.3d 566, 577 (1st Cir.1996) ("While it may be that [the lawyer] has no right to pro hac vice admis-

sion, ... the rights of the plaintiffs are another matter.") (citing *Leis* )).

### (iii) Rational Review Under Equal Protection

Because Rule 983 does not implicate any fundamental rights, the Court need only determine if there exists a rational basis for California's pro hac vice rule. According to defendants, Rule 983 extends comity to out-of-state attorneys for occasional appearances in the courts of this state in order to accommodate residents who desire such counsel. In particular, Rule 983 is an exception to the general rule that individuals must meet State Bar requirements in order to practice law in California. Defendants argue that it is rational and reasonable for the State Bar to require California residents to pass the bar examination, and that it is rational to allow nonresidents to practice in California without having satisfied these requirements on a limited basis through Rule 983.

Plaintiffs argue that Rule 983 is not rational because a lawyer's residence has no correlation to his competence to practice law. Plaintiffs first argue that Rule 983 is unconstitutional under the California Supreme Court's holding in *Raffaelli v. Committee of Bar Examiners*, 7 Cal.3d 288, 294, 101 Cal.Rptr. 896, 496 P.2d 1264 (1972). In *Raffaelli*, the California Supreme Court struck down a California statute excluding aliens from admission to the State Bar. The plaintiff in Raffaelli was an Italian citizen who went to law school in California and passed the California bar exam, but was nevertheless refused admission to the State Bar because he was a citizen of Italy. Employing strict scrutiny analysis because alienage is a suspect class, the Court found that there was no compelling reason to deny aliens admission to the bar.

*Raffaelli* is distinguishable from the instant case on several grounds. First, *Raffaelli* involved discrimination based on alienage, a suspect classification warranting strict scrutiny analysis. The instant case, by contrast, involves alleged discrimination on the basis of state residence, a classification subject only to rational basis review. Second, the Court concluded that the plaintiff in *Raffaelli* should be admitted to the State Bar as long as he satisfied the nonalienage-based certification requirements, such as passing the California Bar Examination and being determined to be of good moral character. *See id.* at 304, 101 Cal.Rptr. 896, 496 P.2d 1264. Thus, the *Raffaelli* court recognized that California has a legitimate interest in regulating the practice of law within the state.

Plaintiffs next argue that *Piper* and its progeny stand for the proposition that discrimination in bar admission on the basis of residence is arbitrary. This argument is simply another attempt by plaintiffs to import Privileges and Immunities analysis into their Equal Protection claims, an argument that this Court has repeatedly rejected.[10] *Piper, Barnard v. Thorstenn*, 489 U.S. 546, 109 S.Ct. 1294, 103 L.Ed.2d

---

10. In *McKenzie v. George,* this Court rejected the plaintiffs' argument the constitutionally protected privileges and immunities of Art. IV, § 2 are not distinguishable from the privileges and immunities protected by the Fourteenth Amendment: "Plaintiffs fail to cite any authority in support of this contention. *Compare* U.S. Const. art. IV, § 2 ('The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens *in the several States.*') *with id.*, am. XIV, § 1 ('No State shall make or enforce any law which shall abridge the privileges or immunities of citizens *of the United States* '). *See also* Laurence Tribe, *American Constitutional Law* § 7–2, at 548 (2d ed. 1988) ('State citizenship carries with it, by virtue of article IV, the right to

nondiscriminatory treatment within each state of the fundamental rights of citizens of all the states. The protection is broad, in the sense that numerous rights have been held to be fundamental rights of state citizenship ... [In contrast,] the Supreme Court has greatly narrowed the rights that attach to national citizenship [under the Privileges and Immunities Clause of the Fourteenth Amendment] so that instances of valid privileges or immunities must be but few.'); Ronald Rotunda & John Nowak, *Treatise on Constitutional Law* § 14.3, at 351 (2d ed. 1992) ('Despite the essentially similar wording of the two provisions they have widely differing applications.')." Order Granting Intervenors' Motion to Dismiss at 11:16–28.

559 (1989) and *Supreme Court of Virginia v. Friedman,* 487 U.S. 59, 108 S.Ct. 2260, 101 L.Ed.2d 56 (1988) were decided under the Privileges and Immunities Clause, not Equal Protection,[11] and in each case the Court analyzed the residency requirement to determine " '(i) if there is a substantial reason for the difference in treatment; and (ii)[if] the discrimination practiced against nonresidents bears a substantial relationship to the State's objective.' " *Barnard,* 489 U.S. at 553, 109 S.Ct. at 1299 (quoting *Piper,* 470 U.S. at 284, 105 S.Ct. at 1278)). Thus, plaintiffs are incorrect when they imply that the Supreme Court struck down the residency requirements under rational basis review. As stated above, the Court will review these cases and plaintiffs' arguments in connection with plaintiffs' claims under the Privileges and Immunities Clause.

Finally, plaintiffs argue that a number of recent developments establish that Rule 983 is irrational and arbitrary. Plaintiffs make much of former Governor Wilson's public criticisms of the State Bar as "bloated, arrogant, oblivious and unresponsive." Plaintiffs' Motion for Summary Judgment, 4:23–27. However, Governor Wilson's criticisms of the State Bar are completely irrelevant to whether Rule 983 is unconstitutional.

Plaintiffs also cite three different rules governing the practice of law in California as evidence that Rule 983 is arbitrary. Rule 76 .6, which was passed in February 1998, defines the minimum qualifications for attorneys appointed to represent people in the California Supreme Court in death penalty appeals and habeas corpus proceedings related to sentences of death. Plaintiffs argue that Rule 76.6 authorizes qualified "sister-state attorneys" to apply for pro hac vice admission in death penalty cases regardless of their office or residence location. The Court finds no inconsistency between Rule 983 and Rule 76.6, as both allow for limited circumstances

under which nonresident lawyers may practice law in California. Similarly, Rule 983.2, which plaintiffs also cite as inconsistent with Rule 983, permits limited, supervised appearances by law students who are certified by the State Bar. Neither Rule 76.6 nor Rule 983.2 is inconsistent with Rule 983, and neither establishes the "arbitrariness" of Rule 983. Finally, plaintiffs cite California Rule of Professional Conduct 1–100, which authorizes lawyers from other jurisdictions to engage in "lawyer functions" in California and subjects such lawyers to the jurisdiction of the California State Bar for any alleged ethical impropriety. Plaintiffs imply that it is unfair that these lawyers are subject to discipline by the State Bar, yet are "automatically disqualified" from applying for pro hac vice admission in California. Once again, the Court sees no inconsistency between Rule 983 and California Rule of Professional Conduct 1–100.

 "In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC v. Beach Communications, Inc.,* 508 U.S. 307, 313, 113 S.Ct. 2096, 2101, 124 L.Ed.2d 211 (1993). The Court concludes that Rule 983 meets the "rational basis" test for equal protection purposes. The State Bar has rationally determined that a particular subset of attorneys—namely, attorneys not residing in California, not regularly employed in California, and not regularly engaged in substantial business, professional, or other activities in California—may be particularly burdened if they were forced to meet the general requirements for admission in California in order to make the occasional court appearance. That the State Bar does not allow California resi-

---

**11.** The other case cited by plaintiffs, *Frazier v. Heebe,* 482 U.S. 641, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987), was decided by the Su-

preme Court pursuant to its supervisory authority over the federal courts under 28 U.S.C. §§ 1654, 2071.

dents to apply for pro hac vice admission does not mean that the State Bar has determined that these residents are incompetent to practice law. Instead, as defendants argue, it is rational for the State Bar to limit pro hac vice admission to nonresidents to prevent California residents from using pro hac vice to circumvent this state's stringent bar membership requirements. Plaintiffs question the wisdom of adopting such a Rule, and note both that California has afforded other professions reciprocal licensing and that legal groups have recommended that California grant full reciprocity for qualified and experienced sister-state attorneys. However, the issue before the Court is not whether California has promulgated the best rule or whether California's rule can even be considered wise. Instead, the Court need only determine whether there exists a rational basis for Rule 983. In the Court's view, it is rational for the State Bar to require California residents who wish to practice law in the state to fulfill a number of prerequisites, including successful completion of the California Bar Examination. It is also rational to exempt nonresident attorneys from fulfilling all of these requirements in the interest of allowing California residents their counsel of choice. Accordingly, defendants' motion to dismiss plaintiffs' equal protection claim is GRANTED.

**(b) Privileges and Immunities Clause**

■ Plaintiffs argue that insofar as Rule 983 discriminates on the basis of residence, it violates the Privileges and Immunities Clauses of Art. IV, § 2, the Fourteenth Amendment, 42 U.S.C. § 1983, and the California Constitution.[12] The Court has already discussed and dismissed plaintiffs' claims of privileges and immunities under the Fourteenth Amendment. As for plaintiffs' claim that Rule 983 violates the privileges and immunities clause

of 42 U.S.C. § 1983, plaintiffs are mistaken in their belief that § 1983 contains a privileges and immunities clause. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *See Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989). Accordingly, the Court focuses on plaintiffs' claims that Rule 983 violates the Privileges and Immunities Clause of Article 4, § 2 and the California Constitution. As plaintiffs advance identical arguments under the federal and state constitutions, the analysis for both is the same.

In support of their claims, plaintiffs cite the Supreme Court's holding in *Piper,* 470 U.S. 274, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985), and argue that California's prohibition on limited, pro hac vice appearances by residents is similar to New Hampshire's restriction on the practice of law by nonresidents in *Piper.*

Defendants argue that *Piper* and the related cases regarding residency requirements for bar admission are inapposite for two reasons. First, defendants note that nothing in these cases suggests that residents of a state can invoke the Privileges and Immunities Clause to challenge alleged discrimination against residents and in favor of nonresidents. Second, defendants argue that *Piper* and the related cases involved challenges to residency requirements by otherwise qualified attorneys who were precluded from practicing law solely on the basis of their residence. As the Supreme Court stated in *Supreme Court of Virginia v. Friedman,* "*Piper* establishes that a nonresident who takes and passes an examination prescribed by the State, and who is otherwise qualified for the practice of law, has an interest in practicing law that is protected by the Privileges and Immunities Clause." 487 U.S. 59, 65, 108 S.Ct. 2260, 2264, 101

---

12. The Court notes that plaintiffs' Complaint does not allege a Privileges and Immunities Claim under the California Constitution. However, plaintiffs' counter motion for summary judgment discusses this claim as if it were contained in the complaint. In the interest of allowing plaintiffs a full opportunity to litigate their claims, the Court will review this claim.

L.Ed.2d 56 (1988). In the instant case, plaintiffs are prohibited from practicing law in California not because of their residence, but because they have not fulfilled the requirements for admission to the State Bar and therefore are not "otherwise qualified."

 The Court sees no reason to depart from its reasoning in *McKenzie v. George,* C 97–0403 SI finding that plaintiffs did not state a claim under the Privileges and Immunities Clause. In *McKenzie,* the Court noted that plaintiffs' Privilege and Immunities arguments had been rejected previously in *Morissette v. Yu.* The district court in *Morissette* held as follows:

> To show that the Privileges and Immunities Clause bars the use of residency to deny a lawyer the privilege of practicing, Plaintiffs cite three cases: *Supreme Court of New Hampshire v. Piper,* 470 U.S. 274, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985), *Supreme Court of Virginia v. Friedman,* 487 U.S. 59, 108 S.Ct. 2260, 101 L.Ed.2d 56 (1988), and *Barnard v. Thorstenn,* 489 U.S. 546, 109 S.Ct. 1294, 103 L.Ed.2d 559 (1989). However, in all three cases, the Court held that states could not require some form of residency as a qualification for admission to the bar. The Court did not address whether the Privileges and Immunities Clause permitted states to accord nonresident lawyers limited privileges to practice law that it denied residents.

> The better view is that these cases do not imply that the Privileges and Immunities Clause bars states from granting nonresident lawyers limited privileges denied to residents. In *Barnard,* the Court expressly affirmed that the Clause prevents discrimination against nonresidents. *See* 109 S.Ct. at 1299. Plaintiffs do not cite any cases in which the Clause has been held to prevent discrimination in favor of nonresident lawyers. Moreover, in other contexts, the Court has concluded that the Constitution does not require a state bar to admit lawyers simply because they have been admitted to another state bar. *See Leis v. Flynt,* 439 U.S. 438, 99 S.Ct. 698, 701, 58 L.Ed.2d 717 (1979). For this reason, Plaintiffs' challenge based on the Privileges and Immunities Clause is meritless.

*Morissette,* slip op. at 11 (C.D.Cal. Nov. 16, 1992).

Plaintiffs provide no compelling reason to reject the district court's holding in *Morissette.* As such, consistent with Judge Davies' holding in *Morissette,* the Court holds that plaintiffs have failed to state a claim under the Privileges and Immunities Clauses of Article IV and the California Constitution and GRANTS defendants' motion to dismiss these claims.

### (c) Commerce Clause

 Plaintiffs argue that Rule 983 violates the Commerce Clause because it is a protectionist measure designed to limit competition between in-state and out-of-state lawyers. Plaintiffs concede in their complaint the "mutually reinforcing relationship between the privileges and immunities Clause and the Commerce Clause." Complaint ¶ 43.

For the same reasons as the Court has rejected plaintiffs' Privileges and Immunities argument, it also rejects plaintiffs' Commerce Clause argument. In particular, when looking at the same alleged discrimination under the different clauses, the same standard applies. *See Giannini v. Real,* 911 F.2d 354, 358 (9th Cir.1990) (citing *Sestric v. Clark,* 765 F.2d 655, 664 (7th Cir.1985), *cert. denied,* 474 U.S. 1086, 106 S.Ct. 862, 88 L.Ed.2d 901 (1986)); *Morissette,* slip. op. at 13 (C.D.Cal. May 26, 1993). In sum, plaintiffs have failed to state a claim under the Commerce Clause. Defendants' motion to dismiss this claim is therefore GRANTED.

### (d) First Amendment

Plaintiffs argue that Rule 983 violates their First Amendment rights to speech, assembly, association and petition for redress of grievances. Plaintiffs largely re-

peat the arguments made in connection with their Equal Protection claims that Rule 983 violates the First Amendment. For the reasons set forth above, the Court rejects those arguments. Additionally, plaintiffs argue that Rule 983 constitutes an impermissible prior restraint because it directly regulates and censors plaintiffs' speech. As stated above, simply because Rule 983 regulates the practice of law in California does not mean that Rule 983 implicates the First Amendment. Defendants' motion to dismiss this claim is therefore GRANTED.

### (e) Due Process

Finally, plaintiffs argue that Rule 983 violates their due process rights under the United States and California Constitutions by presuming that out-of-state attorneys not licensed in California are more "fit" to practice law than resident attorneys who are not licensed by the California State Bar. Plaintiffs argue that the Court should reexamine its holding in *McKenzie v. George*, C 97–0403 SI in light of "numerous" cases cited by plaintiffs which, according to plaintiffs, hold that there is a fundamental right to practice law. Plaintiffs argue that based upon a review of these cases, "there can be no doubt" that the Supreme Court's holding in *Leis v. Flynt*, 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979), has been overruled sub silentio. This argument is directly contradicted by the Supreme Court's express recognition in *Piper* that "Our conclusion that Rule 42 violates the Privileges and Immunities Clause is consistent with *Leis v. Flynt.*" 470 U.S. at 283 n. 16, 105 S.Ct. at 1278 n. 16. Moreover, as discussed earlier, plaintiffs' reliance on *United States v. Ries*, 100 F.3d 1469 (9th Cir.1996) and similar cases is misplaced, as these cases hold that a criminal defendant's Sixth Amendment right to counsel includes the right to have out-of-state counsel appointed pro hac vice, but do not hold that a lawyer has a fundamental right to pro hac vice admission. *See, e.g., Fuller v. Diesslin*, 868 F.2d 604, 606 (3d Cir.), *cert. denied, Perretti v. Fuller*, 493 U.S. 873, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989); *U.S. v.*

*Panzardi Alvarez*, 816 F.2d 813, 816 (1st Cir.1987).

Plaintiffs' reliance on *Kirkland v. National Mortgage Network*, 884 F.2d 1367, 1371 (11th Cir.1989) is similarly incorrect, as *Kirkland* held that once admitted pro hac vice, a lawyer enjoys the same procedural due process rights as other attorneys before being disqualified from a matter. Contrary to plaintiffs' contention that *Kirkland* provides support for finding that *Leis* has been overruled sub silentio, the *Kirkland* court recognized that under *Leis*, "no Fourteenth Amendment property interest is implicated by a state court's refusal to admit an attorney pro hac vice." *Kirkland*, 884 F.2d at 1371. Thus, plaintiffs' argument that Rule 983's "automatic disqualification provisions" constitute "glaring federal due process violations" is unavailing. Plaintiffs' Motion for Summary Judgment, 29:10–12.

Plaintiffs argue that the due process clause contained in the California Constitution provides even greater protection than its federal counterpart in that California courts have ruled that an individual's "dignity" must be considered in assessing his or her right to due process. *See People v. Ramirez*, 25 Cal.3d 260, 267, 158 Cal.Rptr. 316, 599 P.2d 622 (1979). In *People v. Ramirez*, the California Supreme Court held that "when an individual is subjected to deprivatory governmental action, he always has a due process liberty interest both in fair and unprejudiced decision-making and in being treated with respect and dignity." *Id.* at 268, 158 Cal.Rptr. 316, 599 P.2d 622. While the California Supreme Court may have recognized an additional factor to consider in assessing what due process requires, it is nonetheless clear that due process is not implicated unless an individual is "subjected to deprivatory governmental action." The instant plaintiffs have not suffered any deprivation because they do not have a right to practice pro hac vice.

Plaintiffs' argument is premised on the false contention that the right to appear

pro hac vice is a fundamental right, triggering heightened review under the Due Process Clause. As stated above, there is no fundamental right to appear pro hac vice. *See Leis,* 439 U.S. at 443, 99 S.Ct. at 701 Ultimately, plaintiffs provide no persuasive rationale for subjecting Rule 983 to exacting scrutiny under the Due Process Clause or for determining that Rule 983's presumption in favor of out-of-state attorneys is irrational. The Court therefore GRANTS defendants' motion to dismiss plaintiffs' due process claims.

### (4) Leave to Amend

The Court grants defendants' motions to dismiss without leave to amend because the Court determines that plaintiffs will be unable to cure the substantial defects in their claims by amendment.

### 2. Plaintiffs' Motion for Summary Judgment

In light of the Court's findings set out above, the Court hereby DENIES plaintiffs' motion for summary judgment.

### 3. Defendants' Motions for Sanctions

Defendants' motions for sanctions against plaintiffs and their counsel, Giannini, were originally scheduled for argument on July 24, 1998. At the request of Giannini and his lawyer, Jeffrey L. Russell, the Court continued the hearing on defendants' motions for sanctions until September 4, 1998 in order to allow plaintiffs and Giannini additional time to oppose the motions. By order dated August 4, 1998, the Court directed the parties to focus their briefing on the pre-filing sanctions requested by the State Bar defendants. Defendants filed supplemental papers on August 21, and plaintiffs filed supplemental papers with the Court on August 28.

### A. Legal Standard

Rule 11 provides in relevant part:

Every pleading, motion, and other paper ... [filed with the Court] shall be signed by at least one attorney of record [or the party....]

The signature of an attorney or party constitutes a certificate by the signer that the [paper ...] is [1] well grounded in fact and is [2] warranted by existing law or a good faith argument for the extension ... of existing law ... and [3] that it is not interposed for any improper purpose....

If a ... paper is signed in violation of this rule, the court ... shall impose ... an appropriate sanction ....

■ The test imposed by Rule 11 is an objective one. *See Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831 (9th Cir.1986). The certification requirements of Rule 11 are violated "if the paper filed ... is frivolous, legally unreasonable or without factual foundation, even though ... not filed in subjective bad faith." *Id.*

■ Under this objective, analytic approach to Rule 11, a cause of action is not "warranted by law" where no "plausible, good faith argument can be made by a competent attorney" in support of the proposition asserted. *Id.,* at 829, 833. Under the objective approach to Rule 11, a finding of improper purpose can be determined following the Court's own review of the facts and the law: Where there is no legal or factual basis for a claim, improper purpose may be deduced. *See Huettig & Schromm, Inc. v. Landscape Contractors Council,* 790 F.2d 1421, 1427 (9th Cir. 1986). Similarly, where there is a basis for a claim in law and fact, the "subjective intent of the pleader ... is of no moment." *Zaldivar,* 780 F.2d at 830. The current version of Rule 11 "subject[s] litigants to potential sanctions for insisting upon a position after it is no longer tenable...." Advisory Committee Notes on Rule 11. *See also Ridder v. City of Springfield,* 109 F.3d 288 (6th Cir.1997).

■ When a court imposes sanctions, the type and amount of the sanctions remain largely within the discretion of the Court. *See Hudson v. Moore Business Forms, Inc.,* 898 F.2d 684, 686–87 (9th

Cir.1990); *Golden Eagle Distributing Corp.,* 801 F.2d at 1536, 1540.

### B. Analysis

All defendants have filed motions for sanctions against plaintiffs and plaintiffs' attorney, Giannini, on the grounds that the instant lawsuit is legally frivolous and was brought with an improper purpose.[13] Defendants argue that the long history of Giannini's litigation "proves without a doubt" that Giannini's complaint is frivolous and that he was aware at the time of filing this current complaint that several courts, including this Court, had dismissed the identical arguments raised in this case. Defendants contend that plaintiffs' and Giannini's improper purpose is evidenced by plaintiffs' acknowledgment that they filed the instant case to relitigate the issues presented in *McKenzie v. George,* C 97–0403 SI.

Defendants argue that this case is similar to the situation presented in *Roundtree v. United States,* 40 F.3d 1036 (9th Cir. 1994). In *Roundtree,* the Ninth Circuit affirmed sanctions against an attorney who filed numerous lawsuits with different plaintiffs, alleging in each case that the Federal Aviation Administration did not have authority to suspend a pilot's license. In reviewing the award of sanctions, the Ninth Circuit held,

> To be sure, this is not a case where the same plaintiff has sued over and over again, but that is a distinction without a difference. It is of an almost worse stripe because a lawyer has been able to beguile plaintiff after plaintiff into coming along with him as he rides his hobbyhorse against the government. We cannot say that the district court abused

its discretion when it imposed sanctions upon Smith.

*Id.* at 1040. The court noted that in addition to *Roundtree,* Smith had previously filed six different lawsuits with different plaintiffs in five judicial circuits. "Each time he has induced a plaintiff and forced the government to go through essentially the same expensive exercise; each time he has forced the courts to adjudicate essentially the same issues." *Id.* In the instant case, defendants argue, the argument for sanctions against Giannini is even stronger, as Giannini himself has acted as a plaintiff in a number of his cases.

Defendants seek sanctions in the form of an order enjoining Giannini from filing any further actions or papers, either as an attorney or party, in any court regarding admission to and the regulation of the practice of law in the State of California without first obtaining leave of the chief or presiding judge of that court. Defendants argue a pre-filing order is necessary because monetary sanctions are insufficient to deter Giannini's continued pursuit of frivolous actions. In *Morissette v. Yu,* the district court sanctioned Giannini in the amount of $ 2,000.00. These sanctions were later reduced by a different judge to requiring Giannini to perform 200 hours of community service and making a written apology to Judge Davies, the district judge in *Morissette.* On appeal, the Ninth Circuit sanctioned Giannini and assessed double costs. Defendants argue that despite these sanctions, Giannini had continued his course of repeatedly litigating the same issue, always without success.[14]

Defendants argue that this Court has the authority to impose a pre-filing sanction on Giannini pursuant to Civil Local

---

**13.** The State Bar defendants seek sanctions in the form of a pre-filing order against plaintiffs Paciulan and Kruse, and their attorney, Giannini. The Supreme Court defendants join in the motion filed by the State Bar defendants, but clarify that they seek sanctions only against Giannini. The Supreme Court defendants have also filed a separate motion for monetary sanctions against Giannini.

**14.** The Supreme Court defendants have also moved for monetary sanctions in the amount of $10,000.00 against Giannini. The Supreme Court defendants argue the Court should impose monetary sanctions in addition to a pre-filing order. Defendants argue that significant monetary sanctions are required to deter Giannini because Giannini has not been deterred by more modest sanctions.

Rule 11-7. That rule provides in relevant part,

> If an attorney practicing before this court engages in conduct which may warrant discipline or other sanctions, the court or any judge may initiate proceedings for contempt under Title 18 of the United States Code and Federal Rule of Criminal Procedure 42. After reasonable notice and an opportunity to show cause to the contrary, the court may take any other appropriate disciplinary action against the attorney....

Defendants contend that this Court's August 4, 1998 order constituted reasonable notice to Giannini that the Court is considering entering a pre-filing order against him and offered an opportunity to show cause to the contrary.

In addition to the Court's authority under Local Rule 11, the Ninth Circuit has recognized statutory authority to issue pre-filing injunctions like the one requested by defendants. In *Moy v. United States*, 906 F.2d 467 (9th Cir.1990), the court held that courts may issue pre-filing injunctions pursuant to 28 U.S.C. § 1651 against litigants who have filed numerous, patently meritless lawsuits. *See also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1524 (9th Cir. 1983) ("district courts do have the power to reinforce the effects of [collateral estoppel and res judicata] by issuing an injunction against repetitive litigation"), *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984).

Plaintiffs' opposition to defendants' motions for sanctions consists of a declaration filed by Giannini's counsel, Jeffrey Russell,[15] as well as an untimely opposition filed August 28, 1998. In the interest of allowing plaintiffs and Giannini their full opportunity to be heard on the matter, the Court will consider plaintiffs' untimely opposition. Russell states in his declaration that based upon his review of the plead-

ings, court orders, and other related documents in *McKenzie v. George*, C 97-0403 SI and this case, it is Russell's opinion that defendants' motions for sanctions are "aimed to censor and retaliate" against Giannini, and that this lawsuit is not frivolous. Russell states that it is his belief that the Ninth Circuit has never adjudicated whether Rule 983 is lawful. Russell states it is his belief that the instant case is "necessary and not frivolous" for three reasons: (1) "changes in the law" since the Court decided *McKenzie v. George*; (2) the plaintiffs in that case "were denied their full and fair opportunity to appeal as a matter of right" because they did not receive the Court's November 5, 1997 order and judgment; and (3) this Court did not address a number of arguments and case law presented by the plaintiffs in *McKenzie v. George* in the plaintiffs' numerous motions to vacate the July 22, 1997 order.

In the opposition filed on August 28, 1998, plaintiffs argue that defendants are themselves to blame for the instant lawsuit because they did not provide timely notice to Giannini of this Court's November 5, 1997 judgment. Plaintiffs also repeat many of their substantive arguments presented in their counter motion for summary judgment, including citing Governor Wilson's criticism of the State Bar and "changed circumstances" such as the invalidation of several unrelated California Rules of Court. Plaintiffs also contend that the constitutionality of Rule 983 has never been ruled upon in a published opinion and that therefore the instant action is not frivolous.

■ The Court rejects plaintiffs' arguments and finds that there is abundant evidence that this case is legally frivolous and was filed for an improper purpose. At a minimum, plaintiffs' Privileges and Immunities claims have been rejected not only by this Court in *McKenzie v. George*,

---

**15.** It appears from the allegations in *Russell v. Hug*, C-99-20040, that Mr. Russell is not a member of the State Bar of California, although he asserts that he is admitted to prac-

tice in the Northern District of California and in various other jurisdictions. Complaint, at 4:15-23.

but the court in *Morissette v. Yu.* As discussed earlier in connection with defendants' motions to dismiss, neither the alleged "changes in the law" nor the case law that this Court allegedly ignored in *McKenzie v. George* change the fact that plaintiffs' claims are without merit and that plaintiffs cannot state a claim. In fact, plaintiffs' arguments regarding "changed circumstances" are themselves frivolous: for example, Governor Wilson's criticism of the State Bar has no bearing on the constitutionality of Rule 983. The fact that plaintiffs could not appeal the judgment in *McKenzie v. George* due to errors by Giannini does not allow plaintiffs to file two more lawsuits raising virtually identical claims on virtually identical grounds.

For the foregoing reasons, the Court concludes that it is appropriate to award sanctions against Giannini in the form of a pre-filing requirement. The Court declines to award monetary sanctions, finding that such sanctions have not deterred Giannini in the past. The Court hereby ORDERS as follows:

Joseph R. Giannini is hereby ENJOINED from filing any further actions, either as an attorney or a party, in the United States District Court for the Northern District of California, regarding admission to and the regulation of the practice of law in the State of California without first obtaining leave of the Chief Judge of this court. If Giannini wishes to file further actions regarding admission to and the regulation of practice of law in California, Giannini must attach a copy of this order to his application for leave to file such actions and supply a declaration supporting the application stating: (1) that the matters asserted in the new action have not previously been raised by him, as an attorney or a party, and disposed of on the merits by any court, state or federal; (2) that the claims are not frivolous or made in bad faith; and (3) that Giannini has conducted a reasonable investigation of the facts and certifies that they are accurate. Failure to comply with any of these conditions shall be sufficient grounds to deny the application or dismiss the action, and any violation of this injunction may be treated as contempt of court.

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

(1) Defendants' motion to dismiss the complaint is GRANTED WITHOUT LEAVE TO AMEND,

(2) Plaintiffs' motion for summary judgment is DENIED,

(3) Defendants' motions for sanctions are GRANTED, to the extent that a pre-filing requirement is imposed on Joseph Giannini as set out above.

**IT IS SO ORDERED.**