**Joseph R. GIANNINI,
Plaintiff–Appellant,**

v.

**COMMITTEE OF BAR EXAMINERS OF the STATE BAR OF CALIFORNIA, et al., Defendants–Appellees.**

No. 87–6443.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1988.

Decided June 20, 1988.

Joseph R. Giannini, Santa Monica, Cal., in pro. per.

Diane Yu, Ellen Peck and Truitt A. Richey, Jr., San Francisco, Cal., for defendants-appellees.

Before FARRIS and REINHARDT, Circuit Judges, and CROCKER,* District Judge.

PER CURIAM:

Joseph Giannini appeals the dismissal of his amended complaint by the United States District Court for the Central District of California. Giannini filed suit when, after he failed the July, 1986 and February, 1987 California bar examina-

---

* Honorable M.D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.

tions, the Committee of Bar Examiners for the State of California denied his petition for admission to practice law in that state. In his amended complaint, Giannini charged that the bar examination unconstitutionally discriminated against out-of-state attorneys. Among the constitutional provisions that the test implicated, according to Giannini, were the Privileges and Immunities Clause of Article IV; the Due Process and Equal Protection clauses of the Fourteenth Amendment; and the Commerce Clause. The district court dismissed Giannini's complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). We review this dismissal *de novo. Peter Starr Production Co. v. Twin Continental Films, Inc.,* 783 F.2d 1440, 1442 (9th Cir. 1986); *Clayton v. Republic Airlines, Inc.,* 716 F.2d 729, 730 (9th Cir.1983).

Under California law, only the state supreme court, not the Committee of Bar Examiners, has the authority to grant or deny admission to the bar. *Chaney v. State Bar of California,* 386 F.2d 962, 966 (9th Cir.1967). The Committee operates as an administrative arm of the court but is not empowered to admit applicants. *Id.* Rather, the Committee administers the bar examination and certifies applicants meeting its requirements to the supreme court for admission. Cal.Bus. & Prof.Code §§ 6060, 6064. All Committee actions are reviewable by the supreme court and nonbinding upon it. *Siegel v. Committee of Bar Examiners,* 10 Cal.3d 156, 110 Cal. Rptr. 15, 27, 514 P.2d 967, 979 (1973). An applicant seeking review of a decision by the Committee must file a petition for review by the California Supreme Court. Cal.Bus. & Prof.Code § 6066; *Chaney,* 386 F.2d at 966. Until such review is completed, an applicant has no basis for any claim of deprivation under federal law because no deprivation has taken place. *See Chaney,* 386 F.2d at 966 ("... under California law a refusal of certification by the Committee is not a power of deprivation").[1]

This prerequisite to federal deprivation operates as a bar upon Giannini's suit in federal court. Although he petitioned the Committee, he never appealed its decision to the California Supreme Court. Not even a claim of futility, which Giannini has not made,[2] could excuse this lapse. *Id.* at 967.

AFFIRMED.

---

1. As the *Chaney* court explained, this absence of deprivation distinguishes the requirement that an applicant petition the California Supreme Court from the standard exhaustion of state remedies that is waived in section 1983 suits, 386 F.2d at 966–67.

2. Giannini has offered no explanation for his failure to petition the supreme court.