8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald B. NETZKY, Plaintiff-Appellant,
v.
STATE BAR OF NEVADA, et al., Defendants-Appellees.
 No. 92-15115.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1993.
Decided Oct. 19, 1993.
 
 MEMORANDUM*
 Before: POOLE, FERGUSON and FERNANDEZ, Circuit Judges.
 
 
 1
 Appellant Gerald B. Netzky appeals the district court's dismissal of his 42 U.S.C. § 1983 action. Netzky argues that the district court erred in dismissing his action because the Nevada Supreme Court Rules governing the denial of bar applicants based on moral character and the appeal of such denial, on their face and as applied, violate his right to due process and equal protection. We vacate the judgment of the district court and remand with instructions to dismiss for lack of subject matter jurisdiction.
 
 I.
 
 2
 Netzky's complaint presents the following allegations:
 
 
 3
 Netzky and his wife moved to Las Vegas, Nevada in 1989. Netzky had previously practiced law in the State of Washington, where he had been admitted to practice in 1974. Netzky submitted an application for admission to the Nevada State Bar and was planning to sit for the July 1990 Nevada State Bar Exam. Three days before the exam, however, Netzky received a letter from the Nevada State Bar indicating that he would not be allowed to sit for the exam because he had been "less than candid" in his application and that his application could not be processed any further. Specifically, the letter stated that Netzky was under investigation for numerous complaints with the State Bar of Washington, including the unauthorized practice of law in Nevada. The letter finally stated that Netzky's "application to write the 1990 Nevada Bar examination had been denied."
 
 
 4
 After a series of correspondence, Netzky received a March 19, 1991 letter from the Nevada State Bar informing him for the first time that he was denied the opportunity to sit for the 1990 exam on the basis of character and fitness and that he would be "ineligible to reapply" for admission to the Nevada State Bar.[1] Netzky has never petitioned the Nevada Supreme Court for review of his application.
 
 
 5
 Instead, Netzky filed a section 1983 action in the United States District Court for the District of Nevada, alleging that the Nevada Supreme Court Rules, on their face and as applied, violate his right to due process and equal protection. The district court, exercising jurisdiction over the action, dismissed Netzky's action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on December 4, 1991.
 
 
 6
 Netzky now appeals to this court.
 
 II.
 
 7
 The appellees challenge the district court's exercise of jurisdiction over Netzky's action. Specifically, the appellees, argue that the district court lacked subject matter jurisdiction to hear Netzky claims. We review de novo the issue of the existence of subject matter jurisdiction. See Gerritsen v. Consulado De General De Mexico, 989 F.2d 340, 343 (9th Cir.1993).
 
 
 8
 Netzky's failure to petition the Nevada Supreme Court deprives us of subject matter jurisdiction. In Giannini v. The Comm. of Bar Examiners, 847 F.2d 1434 (9th Cir.1988), we held that the review of intermediate dispositions of a bar application by a state supreme court is a "prerequisite to [a] federal deprivation" and operates as a bar to suit in federal court. Id. at 1435; see Margulis v. State Bar of California, 845 F.2d 215, 217 (9th Cir.1988); Sutton v. Lionel, 585 F.2d 400, 403 (9th Cir.1978). We further held that not even a claim of futility could excuse this lapse. Giannini, 847 F.2d at 1435; Chaney v. State Bar of California, 386 F.2d 962, 966 (9th Cir.1967), cert. denied, 390 U.S. 1011 (1968). The purpose of this jurisdictional requirement is that "a deprivation could not legally occur until the [supreme court] expressly or impliedly approved the Committee's refusal to certify and thus had allowed the Committee's actions to become the basis of denial of admission." Id. at 967.
 
 
 9
 Similar to the state supreme court in Chaney, the Nevada Supreme Court has the "inherent and exclusive power to control admissions to the professional bar of this state so as to provide relief from the operation of the rules of admission whenever it can be demonstrated that the rules operate in such a manner as to deny admission to a petitioner arbitrarily and for reasons unrelated to the essential purpose of the rule." In re Nort, 605 P.2d 627, 635 (Nev.1980). Netzky offers no excuse for not filing even an arguably untimely petition with the Nevada Supreme Court. There is no way to predict what the Nevada Supreme Court would have done with such a petition, and the chance that Netzky would have received a remedy shows that there has been no deprivation of a federal right. Thus, Netzky's failure to first petition the Nevada Supreme Court has left the district court, and this court, without jurisdiction to review his challenges to the Nevada Supreme Court Rules.
 
 
 10
 For the foregoing reasons, the judgment of the district court is VACATED and we REMAND this action to the district court with instructions to DISMISS for lack of subject matter jurisdiction.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nevada Supreme Court Rule 67(2) provides that an applicant "who has been denied admission for failure to meet the necessary character requirements shall not thereafter be permitted to apply for admission."