21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mimi MORISSETTE, Patricia Rosenthal, Joseph R. Giannini,
Esq., Gerard A. Fierro, Esq., et al., Plaintiffs-Appellants,
v.
Diane C. YU, The Committee of Bar Examiners of the State Bar
of California, Isidoro Berkman, Robert M. Sweet, Troy B.
Smith, Michael M. Bergfeld, California Supreme Court, et
al., Defendants-Appellees.
 No. 93-56288.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided April 11, 1994.
 
 Before: WALLACE, Chief Circuit Judge; FARRIS and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 I. Recusal.
 
 
 3
 Had recusal been required, reversal might be necessary regardless of the merits, so we consider recusal first. We discuss it more extensively than the recusal issue alone requires, because it affects sanctions below and sanctions on appeal.
 
 
 4
 We review Judge Davies' decision not to recuse himself, and Judge Ideman's denial of the recusal motions, for abuse of discretion. Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 870-71 (9th Cir.1991). We find none. The test is objective: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Id.
 
 
 5
 The grounds urged for recusal originated in Mr. Giannini's dreams.
 
 
 6
 During this dream, I observed a thin middle aged lawyer who appeared to be from Beverly Hills wearing a gold tie, having a discussion with a federal judge about the case Morissette v. Yu. I could not see the Judge's face because his head was turned down and away from me. The judge and this Beverly Hills lawyer were obviously old and close friends.... I was unable to see if money was being exchanged.... However, it was perfectly clear to me that it had been agreed that the decision in Morissette v. Yu was pre-arranged, the product of their unilateral out of court conversation and friendship, and the decision was not based on the record.... It was then that the Judge's face slowly looked up and turned slowly toward the right for the first time, and I clearly observed that the judge was the honorable John G. Davies.... Furthermore, it appeared in my apparition that Judge Davies face was slightly distorted, it appeared that he had a dishonest glint in his eye, and the self satisfied look of a pig that had just finished eating. (CR 65).
 
 
 7
 Mr. Giannini explains that after this dream, he maintained an especially high degree of vigilance, interpreting the judge's conduct including "freudian slips" and rulings in light of the dream. CR 65. A reasonable person would not question or characterize Judge Davies' impartiality based on the judge's conduct in a dream about the judge.
 
 
 8
 The non-dream evidence for recusal consisted of Judge Davies' prior decisions in cases involving Mr. Giannini, and a photograph. The prior decisions do not demonstrate bias from an extrajudicial source, so they cannot support recusal. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991). The picture was a group photograph in a newspaper of all 27 judges who sat on the United States District Court for the Central District of California in 1983. It includes the Honorable Malcolm Lucas, who has since become the Chief Justice of the California Supreme Court and one of the many defendants in Mr. Giannini's lawsuit. A reasonable person would not question Judge Davies' impartiality based on this photograph.
 
 
 9
 Mr. Giannini claimed that Judge Davies should not have presided over his case "because he is not a native born American." He also complained that Magistrate Judge King "was born in Shanghai, China and more than likely either went to law school with or is close friends with defendant Diane Yu from the Chinese legal community." A reasonable person would not question Judge Davies' impartiality based on the nationality of the judge, the magistrate, or one of the defendants. Mr. Giannini offered no evidence to support his conclusory accusation that Judge Davies "actively engaged in a conspiracy to aid and abet a federal judicial cover-up."
 
 
 10
 II. Dismissal.
 
 
 11
 We review the 12(b)(6) dismissal de novo. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.1992). While the state is correct that the Eleventh Amendment bars damage claims against the state, the section 1983 claims for injunctive relief against state officials are not barred by the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984).
 
 
 12
 Mr. Giannini has failed the California bar examination three times, and brought several lawsuits. The issue in the case at bar is res judicata. Mr. Giannini failed the California bar exam in July 1986 and February 1987. He sued in federal district court in 1987. His complaint was dismissed, and we affirmed. That decision established that, because only the California Supreme Court and not the Committee of Bar Examiners could grant or deny admission to the bar, there could be no basis for a claim of deprivation of any federal constitutional right until the applicant had petitioned for review of the Committee of Bar Examiners decision in the California Supreme Court. Giannini v. Committee of Bar Examiners, 847 F.2d 1434 (9th Cir.1988) (Giannini I ).
 
 
 13
 The case at bar arises out of Mr. Giannini's subsequent failing grade on the July, 1991 bar examination. He does not claim to have petitioned the California Supreme Court. His complaint alleges that he does not wish to petition the California Supreme Court because he thinks it would be too busy to consider his petition, and he thinks it would be futile because he has not found a petition in a case factually similar to his where the petitioner won. The failure to petition the California Supreme Court bars the claim, under Giannini I. His claim of futility does not entitle him to claim a constitutional deprivation without such a petition. Giannini I, 847 F.2d at 1435.
 
 
 14
 Mr. Giannini's general attacks on the constitutionality of the form and content of the California bar examination also have to be dismissed as res judicata, because he made these claims in a prior lawsuit and lost. Giannini v. Real, 711 F.Supp. 992, 995 (C.D.Cal.1989), aff'd 911 F.2d 354 (9th Cir.) cert. denied, 498 U.S. 1012 (1990) (Giannini II ).
 
 
 15
 Mr. Giannini also challenges California Rule of Court 983, precluding his admission pro hac vice because he is a California resident. Res judicata also requires this challenge be dismissed. He previously sued for a declaratory judgment that rules for admission of persons such as himself were unconstitutional, and lost. Giannini II. If he had a cause of action, that case arose out of the same cause of action as this one. If his challenge to Rule 983 was not included in that general challenge, it could have been, so it is barred by the judgment in that case. Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir.1992).
 
 
 16
 Nor does Mr. Giannini claim to have applied for admission under Rule 983. Such an application is a precondition to standing to challenge the rule. Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992).
 
 
 17
 III. Sanctions.
 
 
 18
 Judge Davies sanctioned Mr. Giannini $2,000 and Mr. Fierro $500 under Rule 11 for signing a frivolous complaint, having an improper purpose, and making scandalous allegations against various judges and defendants. We review for abuse of discretion. Conn v. Borjorquez, 967 F.2d 1418, 1420-21 (9th Cir.1992). Giannini and Fierro were sanctioned for bringing a frivolous lawsuit, for making scandalous allegations, and for having an improper purpose (to gain bar admission by harassing the defendants). As our review of the facts relating to recusal, and the res judicata bar to litigation of Mr. Giannini's claims on the merits, show, the record amply supported the sanctions. It is indeed scandalous to accuse a judge of a crime, and otherwise impugn the integrity of the judiciary, because one has had a dream about the judge in which the judge appeared to be acting collusively with one's adversary, or has seen a picture in the newspaper of 27 judges in a group photograph of a court, one of whom is a defendant in a case being judged by another, or has the notion that people of another nationality would naturally know each other and collude. Objective reality, not fantasy, dream or delusion, must be the basis for a recusal motion.
 
 VI. Sanctions on appeal
 
 19
 Federal Rule of Appellate Procedure 38 provides that "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." We find that this appeal is frivolous. Mr. Giannini has prosecuted this appeal in a manner magnifying the burden on the court and on his adversaries, by unnecessary motion practice. For example, he filed an overlength reply brief in violation of a specific order of this court. Another judge of this court, not on this panel, struck the overlength brief, and gave him 14 days to file a proper brief. Mr. Giannini did not do what he was ordered to do. Instead, he moved for reconsideration. We denied it. He moved again for an order requiring the clerk to file his late 15-page brief. We denied it. We decided that the facts and legal arguments were adequately presented in the briefs and record, so we ordered that this case, like many we hear, be submitted without oral argument. Mr. Giannini moved for reconsideration and asked leave to argue. We denied it. He was advised that the case would not be orally argued. He came to court anyway, and attempted to present his argument orally, even though his adversary, pursuant to our order, had not appeared. After argument, he filed yet another motion, in form asking for judicial notice, but in substance, attempting to file a supplemental 30-page brief. The burden Mr. Giannini imposes on the court and on defense counsel by his refusal to accept generally applicable limitations exacerbates the harm done by his frivolous appeal.
 
 
 20
 We have no animus toward Mr. Giannini. Nevertheless, the burden to us and to his adversaries has been considerable. We award the appellees double costs of this appeal, to be taxed against Mr. Giannini in the district court. Fed.R.App.P. 39(e).
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) & 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3