Richard J. PACIULAN; William A.
Kruse, Plaintiffs–Appellants,

v.

Ronald M. GEORGE, Chief Justice of
the California Supreme Court; Stanley Mosk; Joyce L. Kennard; Marvin
R. Baxter; Kathryn Mickle Werdegar;
Janice R. Wrong; Ming W. Chin;
Judy Johnson; Jerome Braun, Defendants–Appellees.

No. 99–15687.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2000

Filed Oct. 17, 2000

Before: ALDISERT,* GRABER and FISHER, Circuit Judges.

PER CURIAM.

Appellants Richard J. Paciulan and William A. Kruse sued defendants, Justices of the California Supreme Court and individuals from the State Bar of California, challenging the constitutionality of California's rules regulating pro hac vice admission to practice in California courts, as codified in California Rule of Court 983 ("Rule 983").[1] The district court, in a well-reasoned and comprehensive opinion, dismissed their complaint and enjoined Appellants' attorney, Joseph R. Giannini, from filing future suits in the United States District Court for the Northern District of California regarding admission to the California State Bar and the regulation of the practice of law in California without first obtaining leave from the Chief Judge of the court. *See Paciulan v. George,* 38 F.Supp.2d 1128, 1130, 1147 (N.D.Cal.1999). We agree with the district court and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Paciulan has been a member of the Massachusetts bar since 1977. Appellant Kruse has been a member of the Colorado bar since 1953. Paciulan has a patent law practice, and Kruse is a tax law specialist. Both are California residents, but are not members of the California bar.

Appellants are represented by Joseph Giannini, who has an extensive history of mounting challenges to the admissions requirements of the State Bar of California. In at least six other cases filed since 1987, Giannini has challenged bar admissions procedures on behalf of himself and others

Joseph R. Giannini, Los Angeles, California, for the plaintiffs-appellants.

Peter K. Southworth, Sacramento, California, Colin P. Wong, San Francisco, California, for the defendants-appellees.

---

\* The Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

1. Rule 983 allows pro hac vice appearances in California courts, but provides as follows: No person is eligible to appear as counsel pro hac vice pursuant to this rule if (1) he is

a resident of the State of California, or (2) he is regularly employed in the State of California, or (3) he is regularly engaged in substantial business, professional, or other activities in the State of California.

Cal. Rules of Court 983.

on a variety of grounds, including the claims raised in this litigation, the Supremacy Clause, the Commerce Clause, Title VII, the Fifth Amendment right to property and right to travel and the Full Faith and Credit Clause. *See McKenzie v. Rehnquist*, 1999 WL 1215630 (D.C.Cir. Nov.22, 1999); *Morissette v. Yu*, No. 93–56288, 1994 WL 123871 (9th Cir. Apr. 11, 1994); *Giannini v. Real*, 911 F.2d 354 (9th Cir.1990); *Giannini v. Committee of Bar Examiners*, 847 F.2d 1434 (9th Cir.1988); *McKenzie v. Wilson*, No. C 98–0580 SI (N.D.Cal. Feb. 12, 1998); *McKenzie v. George*, No. C 97–0403 SI (N.D.Cal. July 22, 1997); *see generally Paciulan*, 38 F.Supp.2d at 1130–34. Each of these challenges was unsuccessful.

Plaintiffs filed suit March 25, 1998 challenging Rule 983, arguing that allowing nonresident attorneys pro hac vice status while denying it to California residents violates their rights under the Privileges and Immunities Clause of Article IV, the Privileges or Immunities Clause of the Fourteenth Amendment, the First Amendment and the Due Process Clause of the Fourteenth Amendment.[2] On March 9, 1999, the district court granted defendants' motions to dismiss the complaint without leave to amend, determining that plaintiffs failed to state a cognizable claim for relief under the Constitution. This appeal followed.

■ We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We review *de novo* a dismissal under Fed. R.Civ.P. 12(b)(6). *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998).

### DISCUSSION

Appellants cite three bases for their constitutional challenge to Rule 983: the Privileges and/or Immunities Clauses, the First Amendment and the Due Process

Clause of the Fourteenth Amendment. None is persuasive.

### A. *The Privileges and/or Immunities Clauses*

#### 1. Article IV § 2

■ Under the Privileges and Immunities Clause of Article IV, "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2. Appellants contend that, in allowing non-residents to appear pro hac vice in California courts while denying the same right to California residents, Rule 983 impermissibly discriminates based on residence in violation of the Privileges and Immunities Clause. The four cases they cite in favor of this proposition forbid discrimination against an out-of-state applicant for bar admission who meets all of the necessary qualifications for bar membership except residence in the state. *See Barnard v. Thorstenn*, 489 U.S. 546, 109 S.Ct. 1294, 103 L.Ed.2d 559 (1989); *Supreme Court of Va. v. Friedman*, 487 U.S. 59, 108 S.Ct. 2260, 101 L.Ed.2d 56 (1988); *Frazier v. Heebe*, 482 U.S. 641, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987); *Supreme Court of N.H. v. Piper*, 470 U.S. 274, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985).

In this case, however, Appellants argue not that California is *favoring* its residents in violation of the Privileges and Immunities Clause, but rather that it is *discriminating against* its own residents in violation of the Clause. Such a broad interpretation of the Privileges and Immunities Clause would prohibit a state from basing admission to its bar on standards any more stringent than those of the least restrictive state. A California resident wishing to practice law in California but wanting to avoid the difficult California bar exam could become a member of the bar of the state with the least restrictive

---

**2.** Plaintiffs' complaint also alleged violations of the Commerce Clause, federal and state equal protection guarantees, state due process guarantees and 42 U.S.C. § 1983, but those claims are not argued in this appeal.

admissions requirements, then demand admission to the California bar as a matter of right. The Constitution does not compel such a result. States have traditionally enjoyed the exclusive power to license and regulate members of their respective bars. *See Leis v. Flynt,* 439 U.S. 438, 442, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979). Appellants' challenge to Rule 983 based on the Privileges and Immunities Clause of Article IV has no merit.

### 2. The Fourteenth Amendment

■ Appellants also argue that Rule 983 violates the Privileges or Immunities Clause of the Fourteenth Amendment.[3] This Clause has traditionally protected only those rights accruing by virtue of being a citizen of the United States. *See, e.g.,* the *Slaughter–House Cases,* 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1873); John E. Nowak and Ronald D. Rotunda, *Constitutional Law* § 10.3 (5th ed.1995). The Supreme Court declined to delineate these privileges and immunities with specificity in the *Slaughter–House Cases,* but included within their ranks "some which owe their existence to the Federal government, its National character, its Constitution, or its laws." 83 U.S. (16 Wall.) at 79. The courts and legal commentators have interpreted the decision as rendering the Clause essentially nugatory. *See* Robert H. Bork, *The Tempting of America* 180 (1990) ("[T]he privileges and immunities clause ... has remained the cadaver that it was left by the *Slaughter–House Cases* ."); Laurence H. Tribe, *American Constitutional Law* 556 (2d ed.1988) ("The *Slaughter–House* definition of national rights renders the fourteenth amendment's privileges or immunities clause technically superfluous ...."); Kevin Christopher Newsom, *Setting Incorporationism Straight: A Reinterpretation of the Slaughter–House Cases,* 109 Yale L.J. 643, 646 (2000) ("In contemporary constitution-

al discourse, *Slaughter–House* stands for one simple truth: that the Privileges or Immunities Clause is utterly incapable of performing any real work in the protection of individual rights against state interference, and that any argument premised on the Clause is therefore a constitutional non-starter.").

The Supreme Court's recent decision in *Saenz v. Roe,* 526 U.S. 489, 119 S.Ct. 1518, 143 L.Ed.2d 689 (1999), applied the Privileges or Immunities Clause in a right-to-travel context to hold that travelers deciding to become permanent residents of a new state enjoy "the right to be treated like other citizens of that State." 526 U.S. at 500–07, 119 S.Ct. 1518. *See* Laurence H. Tribe, Saenz *Sans Prophecy: Does the Privileges or Immunities Revival Portend the Future—or Reveal the Structure of the Present,* 113 Harv. L.Rev. 110, 182 (1999) (referring to the "reawakening of privileges or immunities jurisprudence after more than a century of dormancy").

Appellants cite *Saenz* in support of their argument. However, they object to Rule 983 precisely because California treats them like all other residents of the state in mandating that they meet the requirements of state bar membership before they may practice in California courts. They request the right to elide these requirements—essentially, to gain preferential treatment over other California residents—by virtue of their prior membership in another state's bar. *Saenz* and the Fourteenth Amendment do not entitle Appellants to such an advantage over their co-residents. In requiring Appellants to meet the standard requirements for admission to the California bar, the State Bar is ensuring that they will be treated like all other California citizens. Again, Appellants' challenge fails.

---

3. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States ..." U.S. Const. amend. XIV, § 1.

### B. The First Amendment

■ Appellants next contend that Rule 983's restrictions on their ability to gain pro hac vice status infringes on their First Amendment rights in three respects: by limiting their speech on behalf of their clients, by preventing them from freely associating with clients and other attorneys and by restricting their ability to petition for redress of grievances.

Under Appellants' sweeping formulation of the First Amendment, *any* regulation of bar membership would be deemed unconstitutional. No case has ever suggested that states are constitutionally barred from regulating admission to their respective bars. Rather, as noted above, states traditionally have enjoyed the sole discretion to determine qualifications for bar membership. *See Leis*, 439 U.S. at 442, 99 S.Ct. 698 ("Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the States and the District of Columbia within their respective jurisdictions. The States prescribe the qualifications for admission to practice and the standards of professional conduct."); *cf. Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 459, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978) (holding that an attorney's solicitation of clients, though entitled to some constitutional protection, was nevertheless subject to state regulation); *National Ass'n for the Advancement of Psychoanalysis v. California Bd. of Psychology (NAAP)*, 228 F.3d 1043, 1053 (9th Cir.2000) (holding that states may regulate the licensing of psychoanalysts even though communication during the course of psychoanalysis is constitutionally protected). Accordingly, Appellants' First Amendment argument fails.

### C. The Due Process Clause

■ Finally, Appellants contend that Rule 983 violates their due process rights because it automatically excludes California residents from appearing pro hac vice in California courts, without allowing for an exercise of discretion.

■ To allege a due process violation, a claimant must initially demonstrate the existence of a protectable property interest. *See Leis*, 439 U.S. at 441–42, 99 S.Ct. 698; *Perry v. Sindermann*, 408 U.S. 593, 601–02, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Here, Appellants allege that the right to practice law pro hac vice qualifies as such an interest. The Supreme Court has squarely rejected this claim. *See Leis*, 439 U.S. at 443, 99 S.Ct. 698 ("There is no right of federal origin that permits such lawyers to appear in state courts without meeting that State's bar admission requirements."); *cf. NAAP*, 228 F.3d at 1049–53 (holding that California's mental health licensing scheme implicated no fundamental rights and was rationally related to a legitimate state interest). Accordingly, Appellants have no viable due process claim.

### D. Sanction

■ The district court declined to impose monetary sanctions on attorney Giannini, but enjoined him from filing future challenges to California's system of bar admissions and regulation without first obtaining the consent of the Chief Judge of the Northern District. Though their initial brief is silent concerning the prefiling requirement, Appellants challenge it in their reply, contending that their suit advances genuine, nonfrivolous arguments and that the sanction amounts to censorship.[4] Because the issue was not raised in Appellants' opening brief and appellees had no opportunity to counter Appellants' argument, the issue has been waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999).

---

**4.** Appellants' brief does mention the sanction at one point, declaring, "For the trial Court to ... enter a Rule 11 sanction and gag order in a published Order wherein she treats Appellants' counsel as her whipping boy—is an unconscionable debauchery." However, Appellants argued for reversal of the sanctions only in their reply.

## CONCLUSION

California Rule of Court 983 does not violate the Privileges and Immunities Clause of Article IV or the Privileges or Immunities Clause of the Fourteenth Amendment. Nor does it infringe on the rights guaranteed under the First Amendment or the Due Process Clause of the Fourteenth Amendment. While the California Legislature may choose to alter the requirements for pro hac vice admission to practice in California courts, it is not within the province of the federal courts to do so. Accordingly, the opinion of the district court is

**AFFIRMED.**