IDAHO SPORTING CONGRESS, INC.;
the Ecology Center, Plaintiffs—
Appellants,

v.

David ALEXANDER, Supervisor, Pay-
ette National Forest; U.S. Forest
Service, an agency of the U.S. De-
partment of Agriculture, Defen-
dants—Appellees,

Intermountain Forest Industry Associa-
tion; Boise Cascade Corporation; Ev-
ergreen Forest Products, Inc., Defen-
dant—Intervenors—Appellees.

No. 00–35421.

D.C. No. CV–98–0223–MKW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Nov. 16, 2001.

Before B. FLETCHER, McKEOWN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Idaho Sporting Congress, Inc. and The Ecology Center (collectively "ISC") appeal from the district court's denial of their request for attorneys' fees under the Equal Access to Justice Act ("EAJA"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural background, we need not detail it here. At issue is the district court's denial of fees on the grounds that ISC's out-of-state counsel was an inactive member of the Colorado bar during certain periods of the litigation and was not admitted *pro hac vice* during this litigation in federal district court in Idaho.

In September 1999, the Colorado Supreme Court issued an order granting ISC counsel's request to be retroactively restored to active status from February 1999 onward. The district court erroneously found that the supreme court's order was irrelevant. It is well settled that it is within the states' exclusive province to license and regulate lawyers. *See, e.g., Leis v. Flynt,* 439 U.S. 438, 442, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979) ("Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the States...."); *Paciulan v. George,* 229 F.3d 1226, 1229 (9th Cir.2000) (stating that states have traditionally had exclusive power to admit members to the bar), *cert. denied,* 531 U.S. 1077, 121 S.Ct. 775, 148 L.Ed.2d 673 (2001). Under Colorado state law, the Supreme Court of Colorado has "exclusive jurisdiction to define the practice of law and to prohibit the unauthorized practice of law within the State of Colorado." Colo. R.C.P. Rule 228.

In addition to counsel's inactive status, however, the district court pointed to counsel's failure to properly and timely request *pro hac vice* status as a basis for denying ISC's claim for attorneys' fees. Out-of-state counsel are permitted to appear *pro hac vice* in the District of Idaho only at the court's discretion. D. Idaho L. Civ. R. 83.4(e). We review a district court's denial of a *pro hac vice* application for abuse of discretion. *See United States v. Ries,* 100 F.3d 1469, 1471–72 (9th Cir. 1996). The district court cited several significant and legitimate reasons for denying ISC counsel's *nunc pro tunc* motion for *pro hac vice* status—namely, his tardiness in filing the application, his failure to file a proper application, his unsupported and unsworn statements regarding his bar status, his misleading statements regarding his standing with the Colorado Bar, his failure to notify the district court of his inactive status, and his failure to take the Idaho bar despite his long-term residence in the state. In view of these reasons, we cannot conclude that the district court abused its discretion in denying the *pro hac vice* application.

Failure of ISC counsel to properly and timely secure *pro hac vice* admission before the district court was a sufficient reason to deny ISC's application for attorneys' fees, thus, we do not address whether ISC was a "prevailing party" within the meaning of the EAJA.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.