**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gerardo LICEA–LUCERO,
Defendant—Appellant.**

**No. 00–50491.
D.C. No. CR–00–00556–JNK.**

United States Court of Appeals,
Ninth Circuit.

Submission Deferred May 22, 2001.

Submitted Aug. 16, 2002 \*.

Decided Aug. 16, 2002.

Before D.W. NELSON, FERNANDEZ and RYMER, Circuit Judges.

MEMORANDUM \*\*

Gerardo Licea–Lucero appeals from his guilty plea conviction and sentence for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841. We have jurisdiction and we affirm.

Licea–Lucero's contention that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders 21 U.S.C. § 841 unconstitutional is foreclosed by *United States v. Buckland,* 289 F.3d 558, 563–68 (9th Cir.2002) (en banc).

Licea–Lucero's argument that *Apprendi* applies to mandatory minimums is foreclosed by *Harris v. United States,* —— U.S. ——, 122 S.Ct. 2406, 2419–20, 2420–21, 153 L.Ed.2d 524 (2002). His argument that the government must prove that he knew the type and quantity of the drug he possessed is foreclosed by *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002).

Licea–Lucero argues in his reply brief that his sentence violated *Apprendi* by raising the penalty beyond the prescribed maximum under 18 U.S.C. § 3583. This claim was not raised in his opening brief and has thus been waived. *See Paciulan v. George,* 229 F.3d 1226, 1230 (9th Cir. 2000). In any event, his sentence did not violate § 3583. *See United States v. Garcia,* 112 F.3d 395, 398 (9th Cir.1997).

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.