**Joseph R. GIANNINI, Plaintiff–Appellant,**

v.

**STATE BAR OF CALIFORNIA; et al., Defendants–Appellees.**

No. 05–56074.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 27, 2006.

Filed Nov. 8, 2006.

Joseph R. Giannini, Los Angeles, CA, pro se.

Tracey L. McCormick, ESQ., the State Bar of California Office of the General Counsel, San Francisco, CA, for Defendants–Appellees.

Before: BRIGHT *, BEA, and IKUTA, Circuit Judges.

### MEMORANDUM **

Joseph Giannini appeals from the district court's order dismissing his lawsuit for lack of subject matter jurisdiction. This court has jurisdiction under 28 U.S.C. § 1291 and we affirm.

Giannini did not petition the California Supreme Court for review of the Committee of Bar Examiners' refusal to certify Giannini for admission to the State Bar. "Under California law, only the state supreme court, not the Committee of Bar Examiners, has the authority to grant or deny admission to the bar." *Giannini v. Committee of Bar Examiners*, 847 F.2d 1434, 1435 (9th Cir.1988). "An applicant seeking review of a decision by the Committee must file a petition for review by the California Supreme Court. Cal. Bus. & Prof.Code § 6066; *Chaney [v. State Bar of California*, 386 F.2d 962, 966 (9th Cir. 1967) ]. Until such review is completed, an applicant has no basis for any claim of deprivation under federal law because no deprivation has taken place." *Id.*

Giannini frames his claim here as a free speech retaliation claim. However, until Giannini's petition for review by the California Supreme Court has been denied, no retaliation has occurred. Therefore, Giannini has no basis for any claim of deprivation under federal law. *Id.*

AFFIRMED.

IKUTA, Circuit Judge, dissenting.

Giannini appeals pro se from the district court's judgment dismissing his claims under 42 U.S.C. §§ 1983, 1985 and 1986 against individual employees of the State Bar. Giannini alleges that certain State Bar employees unfairly reduced Giannini's bar examination scores in retaliation for exercising his First Amendment right to speak out in favor of reciprocal admissions for attorneys.

We have held that a free speech retaliation claim is cognizable under section 1983. *See, e.g., Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989) ("Deliberate retaliation by state actors against an individual's exercise of this right [the right to petition the government for redress of grievances] is actionable under section 1983."). A plaintiff may demonstrate a First Amendment retaliation claim by showing that defendants intended to interfere with the plaintiff's exercise of his First Amendment rights, and the defendants' acts "would chill or silence a person of ordinary firmness from future First Amendment activities." *See Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300–01 (9th Cir.1999); *see also Pinard v. Clatskanie Sch. Dist.*, 467 F.3d 755 (9th Cir.2006).

When a district court dismisses a complaint on its face, we review the jurisdic-

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tional issue as if raised in a motion to dismiss. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir.2002). If we accept as true the material allegations of Giannini's complaint, Giannini has succeeded in alleging the elements of a First Amendment retaliation claim under section 1983. Therefore the district court had subject matter jurisdiction over his complaint.

The majority's opinion indicates that Giannini suffered no deprivation because he had not yet been denied admission to the bar. However, our cases establish that the chilling of one's speech is deprivation enough for purposes of a section 1983 claim. Accordingly, I respectfully dissent.