**Hovhannes GRIGORYAN; Gayane Sargsyan; Zohrab Grigoryan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–71051.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 13, 2006.

Howard R. Davis, Esq., Davis Miller & Neumeister, Van Nuys, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kathleen V. Gunning, Esq., Federal De-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**596**

posit Insurance Corporation Legal Division/Appellate Section, Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Hovhannes Grigoryan, Gayane Sargsyan, and Zohrab Grigoryan, husband, wife and son, are natives and citizens of Armenia. They petition for review of the Board of Immigration Appeals ("BIA") order adopting and affirming the Immigration Judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's conclusion that H. Grigoryan did not establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See Bolshakov v. INS,* 133 F.3d 1279, 1280–81 (9th Cir.1998) (denying petition for review because petitioners did not establish that extortion was on account of an enumerated ground). He provided no evidence that the individuals who extorted money from him and at-

tempted to burn down his home were motivated by his political opinion. *Id.*

Because H. Grigoryan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

H. Grigoryan waived his CAT claim by failing to challenge the IJ's denial, adopted by the BIA, in his opening brief. *See Paciulan v. George,* 229 F.3d 1226, 1230 (9th Cir.2000) (per curiam) (issues not raised by petitioner in opening brief are waived).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

