**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Asif ABBAS, aka Joseph Abbas, Defendant–Appellant.**

**No. 05–50891.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006 *.

Filed Nov. 30, 2006.

---

* This case and *United States v. Campbell,* 208 Fed.Appx. 550 (9th Cir.2006), were companion cases for the purpose of oral argument. These cases will be decided separately.

Becky S. Walker, Esq., Matthew D. Umhofer, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Laura C. Crawford, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, REINHARDT, and HAWKINS, Circuit Judges.

MEMORANDUM **

Convicted by a jury of conspiracy, wire fraud, and making false statements to a government official, Appellant Asif Abbas ("Abbas") appeals, arguing that his convictions were not supported by sufficient evi-

---

dence and that the record on this direct appeal is sufficiently developed to demonstrate that his trial counsel—who stipulated to the admissibility of all of the government's exhibits and failed to object to a significant amount of hearsay testimony—was constitutionally ineffective.

■ Sufficient evidence supported Abbas's wire fraud conviction. *See United States v. Mosley,* 465 F.3d 412, 414–15 (9th Cir.2006). Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found that: (1) Abbas himself sent the false credit reference to DigiKey; Abbas, as well as Agent Nugent and co-defendant Jan, testified that "Joseph"—the name appearing on the credit reference—was a nickname used by Abbas; and (2) the false credit reference was sent via the interstate wires; the credit reference was presented at trial bearing a fax header showing that it was faxed from Abbas's company, ACT.

Moreover, even if Abbas had not waived his argument regarding the government's failure to prove "materiality" by failing to raise it in his opening brief, *see Paciulan v. George,* 229 F.3d 1226, 1230 (9th Cir. 2000), *cert. denied,* 531 U.S. 1077, 121 S.Ct. 775, 148 L.Ed.2d 673 (2001), sufficient evidence would exist to support this element as well. To prove materiality with regard to a fraudulent scheme, "[i]t is only necessary to prove that it is a scheme reasonably calculated to deceive." *United States v. Woods,* 335 F.3d 993, 998 (9th Cir.2003); *see also Neder v. United States,* 527 U.S. 1, 25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (materiality is an essential element of wire fraud crime); *United States v. Neder,* 197 F.3d 1122, 1128–29 (11th Cir.1999) (on remand) (materiality in wire fraud context is the same as materiality in false statements context—fraudulent conduct need not *actually* influence the lenders' decisions; it

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

need only "tend[ ] to influence and [be] capable of influencing the lenders' decisions"). Here, a reasonable juror could have concluded that Abbas's sending of a false credit reference to DigiKey was reasonably calculated to deceive DigiKey into extending credit to CDI.[1]

■ Sufficient evidence also supported Abbas's false statements conviction. The government presented evidence regarding both the false statements made by Abbas and the decisions the IRS criminal investigators were trying to make. Whether or not Abbas's false statements actually affected the investigation, a reasonable jury could have inferred that Abbas's statements had "a natural tendency to influence, or were capable of influencing, the decision making body to which [they were] addressed." *United States v. Gaudin*, 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).[2]

Finally, we decline to review Abbas's ineffective assistance of counsel claim at this stage, as the record is not "sufficiently developed" to permit meaningful review of this claim on direct appeal, *see United States v. McKenna*, 327 F.3d 830, 845 (9th Cir.2003), and the limited record before the court evidences no "obvious[ ] den[ial] [of Abbas's] Sixth Amendment right to counsel" *id.* (internal quotations omitted).

**AFFIRMED.**

*This case was not selected for publication in the Federal Reporter*

*NOT FOR PUBLICATION*

---

1. Accordingly, sufficient evidence also supports Abbas's conspiracy conviction. Putting aside the legal error with Abbas's argument that his conspiracy conviction would have to be overturned if insufficient evidence supported his wire fraud conviction, *see United States v. Prueitt*, 540 F.2d 995, 1006 (9th Cir.1976) (conviction for conspiracy and acquittal on the underlying substantive offense is not inconsistent), the wire fraud conviction was supported by sufficient evidence, as explained above.

2. Additionally, as the Supreme Court has expressly held, "the plain language of [18 U.S.C.] § 1001 admits of no exception for an 'exculpatory no.'" *Brogan v. United States*, 522 U.S. 398, 408, 118 S.Ct. 805, 139 L.Ed.2d 830 (1998).